**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>      Petitioner,<br><br>   v.<br><br>STU SHERMAN, Warden,<br><br>      Respondent. | Case No. 1:14-cv-01897-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM (DOC. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on December 1, 2014.

    I.   Screening the Petition

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The

1

Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

In the petition filed on December 1, 2014, Petitioner alleges that he is an inmate of the California Substance Abuse Treatment Center at Corcoran, California (CSATF-COR), serving a sentence imposed on May 18, 1998, in the Superior Court located at Rancho

Cucamonga, California, of sixty-one years to life for attempted premeditated murder and attempted voluntary manslaughter with weapons and great bodily injury. (Pet., doc. 1 at 1, 11.) Petitioner challenges sanctions, including a loss of time credit, imposed in a prison disciplinary proceeding held on March 10, 2012, regarding a charge that on February 16, 2012, Petitioner wilfully disobeyed a direct order by wearing a hat in the prison chow hall. (Id. at 5, 73-76.) Petitioner alleges he suffered 1) a denial of due process of law because the disciplinary report was false, and the adjudication was wrong on the merits; 2) a denial of access to the administrative appeals process that resulted in a denial of access to the courts because he could not fully exhaust his remedies; 3) a failure of the California Department of Corrections and Rehabilitation (CDCR) to follow its own regulations regarding the disciplinary proceeding and the administrative appeals process; and 4) a failure of due process because he was denied witnesses at the disciplinary hearing, which was a perfunctory hearing because of a policy to deny appeals from disciplinary adjudications. (Id. at 4-5, 14-15, 73.) Petitioner asks this Court to compel the CDCR to process his administrative appeal in a timely manner. (Id. at 22.)

II. Dismissal of State Law Claims

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In the petition, Petitioner raises claims that are based on California law, including denial of access to the administrative

3

appeals process because he could not fully exhaust his remedies and CDCR's failure to follow its own regulations regarding the disciplinary charges, proceedings, and the administrative appeals process.

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d 1180, 1389 (9th Cir. 1996). In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Here, there is no indication that any state court's interpretation of state law was associated with an attempt to avoid review of federal questions. Thus, this Court is bound by the state court's interpretation and application of state law.

Petitioner alleges in his second claim that he suffered a denial of access to the administrative appeals process, which is provided for by state statute and regulation, and in his third claim that the CDCR failed to follow state regulations regarding the disciplinary proceeding and the administrative appeals process.

1    Because these claims rest solely on state law, they are not
2    cognizable in a proceeding pursuant to § 2254 and must be dismissed.
3        Because the defect in these claims stems not from an absence of
4    allegations of fact but rather from the nature of the claims as
5    state law claims, the claims should be dismissed without leave to
6    amend because Petitioner could not allege tenable state law claims
7    even if leave to amend were granted.
8        III.  Due Process Challenge to the Disciplinary Finding
9        Petitioner alleges that the adjudicator relied on the
10   disciplinary report, and thus the adjudication was incorrect because
11   the disciplinary report was false.  Therefore, Petitioner suffered a
12   denial of due process of law.
13       Procedural due process of law requires that where the state has
14   made good time subject to forfeiture only for serious misbehavior,
15   then prisoners subject to a loss of conduct credits must be given
16   advance written notice of the claimed violation, a right to call
17   witnesses and present documentary evidence where it would not be
18   unduly hazardous to institutional safety or correctional goals, and
19   a written statement of the finder of fact as to the evidence relied
20   upon and the reasons for disciplinary action taken.  Wolff v.
21   McDonnell, 418 U.S. 539, 563-64 (1974).  If the inmate is
22   illiterate, or the issue so complex that it is unlikely that the
23   inmate will be able to collect and present the evidence necessary
24   for an adequate comprehension of the case, the inmate should also
25   have access to help from staff or a sufficiently competent inmate
26   designated by the staff.  However, confrontation, cross-examination,
27   and counsel are not required.  Wolff, 418 U.S. at 568-70.
28

5

Further, where conduct credits are a protected liberty interest, the decision to revoke credits must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Court in Hill stated:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (CA8 1974).

Superintendent v. Hill, 472 U.S. at 455-56. The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; there need only be some evidence in order to ensure that there was some basis in fact for the decision. Superintendent v. Hill, 472 U.S. at 457.

Here, there is no merit to Petitioner's due process challenge to the finding that he engaged in the willfully disobedient act of wearing a cap in violation of directions. The reporting correctional officer, Officer Dotson, reported and testified that he saw Petitioner with the cap on, admonished him to remove it, saw him remove it, and then saw him put it on again; the officer then directed Officer Santoya to confiscate the cap after Petitioner had received food. (Pet., doc. 1 at 73, 82-83.) This evidence provides

6

a basis in fact for the decision, which is all that is demanded by due process of law in this instance.

Accordingly, Petitioner has not shown a real possibility of constitutional error. Petitioner's allegations and his documentation demonstrate that the finding was supported by some evidence and thus preclude habeas relief on Petitioner's claim. Therefore, it will be recommended that Petitioner's challenge to the accuracy of the disciplinary finding be dismissed without leave to amend.

   IV.   Denial of Request for Witnesses to Appear at the Hearing
      A.   Background

The report of the disciplinary proceeding reflects that Petitioner was granted an inmate witness but had no questions for him; Petitioner requested the presence of Officer Dotson, who was the reporting officer, and one other officer, and he questioned them. (Doc. 1 at 74-76.) Petitioner appends an undated administrative request for witnesses, including Dotson, the reporting officer; Santoya, the officer who confiscated Petitioner's cap at Dotson's request; and inmate witnesses who declared either that 1) in the course of escorting Petitioner out of the chow hall, they saw Petitioner put on his cap, and it was their custom to take the caps off before leaving the chow hall; or 2) in the course of working in food service in the prison they were allowed to wear caps in the chow hall and had further seen prison staff wear caps in the chow hall. (Id. at 80-83.) Petitioner appends documentation of correspondence with prison officials in which he asserts that the additional inmate witnesses were not called to testify in conformity with their declarations because, according to the hearing officer,

7

it would have only created a conflict with Dotson's testimony, which would be that he saw Petitioner in the chow hall wearing his cap. (Id. at 85-86.)

### B. Analysis

The right to call witnesses and to present evidence at a disciplinary hearing is limited by the prison authorities' discretion concerning undue hazards to institutional safety or correctional goals. Wolff v. McDonnell, 418 U.S. at 563-64. The right to call witnesses is circumscribed by the necessary mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application. A disciplinary authority may decline to allow an inmate to call a witness for irrelevance, lack of necessity, or hazards presented in individual cases. Baxter v. Palmigiano, 425 U.S. 308, 321 (1976). A prison disciplinary hearing officer's decision that an inmate's request to call witnesses may properly be denied as irrelevant, unnecessary, unduly prolonging the hearing, or jeopardizing of prison safety, is entitled to deference from the Court. See, Wolff v. McDonnell, 418 U.S. at 563-64; Ponte v. Real, 471 U.S. 491, 497-98 (1985); Neal v. Shimoda, 131 F.3d 818, 831 (9th Cir. 1997); Zimmerlee v. Keeney, 831 F.2d 183, 187 (9th Cir. 1987).

Here, it was not arbitrary or unreasonable for the disciplinary hearing officer to have declined to call the inmate witnesses on the ground of lack of necessity. Even if the proffered inmate testimony were fully credited, it did not constitute direct testimony that Petitioner did not wear the cap in the chow hall after being directed to remove it. The testimony only showed that it was likely Petitioner took the cap off upon entry and put in on again at an

8

unspecified point, which does not foreclose or directly controvert the reporting officer's version of the events -- that he saw Petitioner with the cap on, admonished him to remove it, saw him remove it, then saw him put it on again, and ultimately directed Officer Santoya to confiscate the cap after Petitioner had received food. (Compare pet., doc. 1 at 73 with and at 82-83.) The record submitted by Petitioner reflects that it was a reasonable and sound exercise of discretion for the disciplinary hearing officer to find that even if the inmates' proffered testimony were considered, the reporting officer's report was more specific and was based on recollection of having personally observed the violation. For the same reason, to the extent Petitioner might have had a right to call witnesses, any denial of that right would be harmless and he suffered no prejudice. Thus, even if Petitioner were given leave to amend, he could not allege a tenable procedural due process claim regarding witnesses.

Because Petitioner's case does not point to a real possibility of constitutional error, Petitioner's claim concerning his witnesses at the disciplinary hearing should be dismissed without leave to amend.

V. Fair Tribunal

Petitioner alleges generally that his disciplinary hearing was a perfunctory hearing because of a policy to deny appeals from disciplinary adjudications.

A fair trial in a fair tribunal is a basic requirement of due process. In re Murchison, 349 U.S. 133, 136 (1955). Fairness requires an absence of actual bias and of the probability of unfairness. Id. Bias may be actual, or it may consist of the

9

appearance of partiality in the absence of actual bias. Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995). A showing that the adjudicator has prejudged, or reasonably appears to have prejudged, an issue is sufficient. Kenneally v. Lungren, 967 F.2d 329, 333 (9th Cir. 1992).

There is a presumption of honesty and integrity on the part of decision makers which may be overcome by evidence of a risk of actual bias or prejudgment based on special facts and circumstances. Withrow v. Larkin, 421 U.S. 35, 46-47, 58 (1975). The mere fact that a decision maker denies relief in a given case or has denied relief in the vast majority of cases does not demonstrate bias. Stivers v. Pierce, 71 F.3d at 742. Unfavorable judicial rulings alone are generally insufficient to demonstrate bias unless they reflect such extreme favoritism or antagonism that the exercise of fair judgment is precluded. Liteky v. United States, 510 U.S. 540, 555 (1994).

Here, even assuming the hearing officer was an employee of the prison, his status did not deny Petitioner due process of law. The Supreme Court has ruled that a committee of correctional officers and staff, acting with the purpose of taking necessary disciplinary measures to control inmate behavior within acceptable limits, was sufficiently impartial to conduct disciplinary hearings and impose disciplinary penalties, including revocation of conduct credits. Wolff v. McDonnell, 418 U.S. at 570-71. The record of the disciplinary proceedings submitted by Petitioner also shows that the formalities of notice and hearing were observed and further provides ample evidentiary support for the disciplinary finding. The specific showing reflected in the record contradicts and forecloses

Petitioner's generalized allegations of unfairness or a policy to make and uphold administrative decisions that are unfavorable to the inmate.

Thus, it will be recommended that Petitioner's claim of a biased or unfair tribunal be dismissed without leave to amend.

### VI. Denial of Access to the Courts

Petitioner alleges that after his disciplinary adjudication, he was denied access to an administrative appeal and to the state courts.

As previously discussed, his claim concerning the absence of compliance with state law governing administrative proceedings should be dismissed. To the extent Petitioner complains of a resulting limitation of access to state court remedies, his claim is not cognizable in this proceeding. Hubbart v. Knapp, 379 F.3d 773, 779 (9th Cir. 2004); see also Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).

Petitioner may be attempting to set forth a claim that state officials actively interfered with an effort to prepare or file legal documents in violation of his right of meaningful access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996). However, such a claim does not entitle Petitioner to relief in in this proceeding. A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d

11

573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Here, Petitioner's claim concerning access to the courts has no conceivable effect on the duration of his confinement; it concerns only the conditions of his confinement.  Thus, it is not cognizable in this proceeding.  It will be recommended that the claim be dismissed without leave to amend.

VII.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S.

473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VIII. <u>Recommendations</u>

Based on the foregoing, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without leave to amend for failure to state a cognizable claim;

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the case because dismissal would terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 19, 2015**                    **/s/ Sheila K. Oberto**
                                                           UNITED STATES MAGISTRATE JUDGE